IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HUNTER TODD, :

    Plaintiff, :

vs. : CIVIL ACTION 09-0746-WS-N

ALABAMA POWER, et al., :

    Defendants. :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se and in forma pauperis, filed a Complaint alleging violations of his rights under 42 U.S.C. § 1982. This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is recommended that this action be dismissed *without prejudice*, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I. Nature of Proceedings.

On September 11, 2009, Plaintiff filed his Complaint and a Motion to Proceed Without Prepayment of Fees in the United States District Court for the Middle District of Alabama. (Doc. 6 at 3-13). On November 10, 2009, the United States District Court for the Middle District of Alabama transferred Plaintiff's action to this Court. (Doc. 6 at 18). On November 17, 2009, this Court ordered Plaintiff to file a Motion to Proceed Without Prepayment of Fees on this Court's forms, or in lieu thereof, to pay the full filing fee. (Doc. 7). Plaintiff filed his updated Motion for Leave to Proceed In Forma Pauperis on

November 30, 2009, and this Court granted said Motion on December 4, 2009. (Docs. 8 and 10). However, given this recommendation and the reasons set forth herein, the grant of in forma pauperis status is hereby **REVOKED**.

In a less than clear Complaint, Plaintiff's allegations center around the alleged unauthorized removal by Defendant Alabama Power of timber from Plaintiff's property.[1] (Doc. 6 at 3-4). Plaintiff also complains that Alabama Power has increased its area of eminent domain on his property without compensating him for said property, and alleges that Alabama Power acts on behalf of Manzo Diskell of Defendant Craig Field Industrial Authority ("Craig Field"). (Id. at 3). According to Plaintiff, Craig Field is requesting a stronger electrical substitute power for the "white existing companies in Craig Field, where individual Black Americans are denied the business opportunities to rent or purchase land off 41 in the Craig Field Airport Land Areas." (Id.). Plaintiff believes that Diskell uses Defendant Alabama Power to "project Eminent Domain to purchase land for

---

[1] Plaintiff's alleged ownership interest in the subject property is somewhat confusing. Plaintiff refers at least once to the property as "Estelle Todd's property," and has submitted various papers regarding ownership of said land. (Doc. 11 at 1, 2-8, 33-52). Plaintiff has offered the Court two different Last Will and Testaments of Estelle Todd Stephenson. One instrument devises a specific piece of land to Jesse Todd, with the remainder of the estate going to Hunter Todd and Edna Todd Walker, while the other legal instrument, which Plaintiff describes as "invalid" and a "forgery," again devises a specific piece of property to Jesse Todd, with the remainder of the estate being left to Plaintiff Hunter Todd, Edna Todd Walker, and Christine Todd. (Doc. 11 at 4, 38-39). The Court notes this to say that Hunter Todd's ownership in the property and thus his standing to bring this action is somewhat in question. However, in screening Plaintiff's claim pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds that Plaintiff's claim is due to be dismissed.

electrical sites that Mr. Diskell is very aware of the fact that he would be denied." (Id.).

Plaintiff also claims that Defendant Alabama Power has refused to pay for nine loads of wood chips carried to International Paper "at 65.00 times 30 tons per load which Alabama Power has refused to pay." (Id. at 4).

Additionally, Plaintiff makes unclear claims regarding public water use. Plaintiff's allegations are as follows:

> There must be fire hydrants located with this project due to the large degree of electric being carried over a public Highway and the home and etc located in the area. When Mr. C. Sims, a white school teacher for Selma schools, rented a home 3.5 blocks south of this site, the Water Department had a public water and a fire hydrant. But since Craig Field refused to pay the plaintiff for their train's derailments, 3 different times, the fire hydrant was removed. This is what an individual would identify as using federal grant money from Washington, D.C., for public water and discriminating against the plaintiff for no valid reason.
>
> Plaintiff requests that Craig Field stop illegally irrigating rain and waste water in the three locations going onto the Todd's property and pay damages for this environmental underground pipe problem.

(Id.).

Plaintiff is requesting that he and certain others "be paid before electrical work and construction is completed on Highway 41." (Doc. 6 at 9). Plaintiff states that "the 9 loads of wood carried to International Paper is a major problem," leaving the Court to assume that he wants to be compensated for the value of the wood. (Id.). Plaintiff also requests that Defendant Alabama Power pay all fees and costs incurred in court. (Id.).

On December 14, 2009, Plaintiff filed a motion for an injunction, seeking, according to the motion, an award of damages. (Doc. 11). The motion was denied on December 30, 2009. (*See* Doc. 12).

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court has reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, or the claim seeks to enforce a right which clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.

---

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

Ct. 1937, 1949 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the Court does not have "license ... to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Discussion.

In his Complaint, Plaintiff alleges that his constitutional rights were violated pursuant to 42 U.S.C. § 1982. (Doc. 6 at 3). Section 1982 guarantees that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed

by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property." 42 U.S.C. § 1982. A statutory provision enacted by Congress following the Civil War, section 1982 is intended "to protect the rights of black citizens ... related to the ownership of property." CBOCS W., Inc. v. Humphries, ___ U.S. ___, 128 S. Ct. 1951, 1955 (2008). "[P]laintiffs who make claims under § 1982 ... [are] required to allege that some intentional discrimination took place." Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1543 (11th Cir. 1994).

To prevail on his constitutional claim under 42 U.S.C. § 1982, Plaintiff must show (1) that he is a member of a protected class; (2) that Defendants intentionally discriminated against him on the basis of race; and (3) that there has been resulting interference in his rights or benefits connected with the ownership of his property.[3] See CBOCS W., Inc., 128 S. Ct. at 1956; Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004); Long v. Aronov Realty Management, Inc., et al., 645 F. Supp. 2d 1008, 1016-17 (M.D. Ala. 2008).

Liberally construing Plaintiff's Complaint, the Court is assuming that Plaintiff is a part of a protected class, thus satisfying the first element of a claim under section 1982. However, turning to the second prong, the Court fails to see a showing of intentional

---

[3]The three elements Plaintiff must show to state a claim under 42 U.S.C. § 1982, mirror the elements for a cause of action under 42 U.S.C. § 1981, with the exception of the third element. These two statutes are considered "sister" statutes, and courts have long construed them alike because of their "common language, origin, and purposes." CBOCS West, Inc., 128 S. Ct. at 1956; Long, 645 F. Supp. 2d 1008, 1017 ("[t]he elements of a § 1982 claim 'parallel' those of a § 1981 one").

discrimination by any of the Defendants against Plaintiff. While Plaintiff complains that Manzo Diskell of Defendant Craig Field Industrial Authority denies black Americans "business opportunities to rent or purchase land off 41 in the Craig Field Airport Land Areas," Plaintiff does not allege that he has actually sought to rent or purchase land in that area, that he has personally been discriminated against, or that any alleged discrimination has in any way interfered with his property rights. (Doc. 6 at 3). It appears that Plaintiff is attempting to convert what is at best a trespass claim into a constitutional claim by alleging that Defendant Craig Field discriminates on the basis of race, and uses a "second party," such as the Alabama Power, to project eminent domain to purchase land for electrical sites needed for Craig Field in some way. (Id.).

Regarding the property in which Plaintiff claims to have an interest, Plaintiff complains that Defendant Alabama Power has removed trees but has not fully compensated him for the timber removed. Plaintiff also complains that Alabama Power has "increased the area of land under their eminent domain." (Doc. 6 at 3). Plaintiff also complains, although quite unclearly, about Craig Field's practice of "illegally irrigating rain and waste water," and asks that Craig Field pay damages for "this environmental underground pipe problem." (Id. at 4).

Assuming without deciding that Plaintiff is a member of a protected class of citizens pursuant to 42 U.S.C. § 1982, Plaintiff has failed to show that Defendants have actually discriminated against him, and further that any alleged discrimination has

resulted in any interference with his ownership or rights in his property.[4] Therefore, Plaintiff's Complaint lacks plausibility because the Court is unable to draw the conclusion that Defendants have discriminated against Plaintiff. Thus, Plaintiff has failed to state a claim upon which relief can be granted.

IV. Conclusion.

Based upon the foregoing reason, Plaintiff's action is due to be dismissed *without prejudice*, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 2nd day of February , 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The Court declines to exercise supplemental jurisdiction as to Plaintiff's state law claim of trespass pursuant to 28 U.S.C. § 1367(c)(3).

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.*Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.*Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).