# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HUNTER TODD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 09-0746-WS-N |
| | ) |
| ALABAMA POWER, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

On December 30, 2009, the Court denied the plaintiff's motion for an injunction. (Doc. 12). On February 19, 2010, the plaintiff filed a notice of appeal from that order. (Doc. 16). On April 21, 2010, the Eleventh Circuit dismissed the appeal for lack of jurisdiction, because the plaintiff did not file his notice of appeal within the 30-day period specified in Federal Rule of Appellate Procedure 4(a)(1)(A) and (d). (Doc. 21).

Meanwhile, on February 2, 2010, the Magistrate Judge entered a report and recommendation ("R&R") recommending that the action be dismissed without prejudice for failure to state a claim upon which relief can be granted. (Doc. 13). The plaintiff filed no objections to the R&R. By order and judgment entered March 1, 2010, the Court adopted the R&R and dismissed the action without prejudice. (Docs. 18, 19).

On or about April 28, 2010, the plaintiff wrote the following in a document mailed to the courthouse and received and docketed by the Clerk on May 3:

> April 28, 2010, the writer does not know which order the appeal Court are using to determine the 60 days expired date for filing an appeal under the said case number. Enclosed is the judgment and Order the plaintiff received ten days ago from the Mobile Federal District Court. [Attached are the Court's order and judgment dismissing the action without prejudice.] If this matter ends as of May first, 2010, the plaintiff requests a ten day extension.

(Doc. 22). The document does not appear to have been intended for filing in this Court, as the top of the document designates the case as "In The United States Court of Appeals

THE ELEVENTH CIRCUIT," and the typewritten portion of the document concludes with the words, "Copy to William Steele." Nevertheless, in an abundance of caution the Court considers the document as a district court filing.

The question becomes the purpose of the document. To the extent it challenges the correctness of the Eleventh Circuit's ruling as to the timeliness of his appeal, the document does not raise an issue cognizable in this Court, as trial courts do not sit in review of appellate courts.

The only other conceivable purpose of the document is to initiate an appeal of the Court's March 1 ruling. Assuming without deciding that the document is adequate to constitute a notice of appeal,[1] it is untimely. "In a civil case, ... the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).[2] Because the Court's order and judgment were entered on March 1, the plaintiff's notice of appeal was due March 31. As noted, it was not filed until May 3.

The document's "reques[t] [for] a ten day extension" can be construed as a motion for extension of time within which to file a notice of appeal. However, the Court can grant such a motion and extend the deadline only if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i). When a motion is filed after this deadline, "the district court ha[s] no choice but to deny [the] motion." *Cavaliere v. Allstate Insurance Co.*, 996 F.2d 111, 1114-15 (11th Cir.

---

[1] *See generally* Fed. R. App. P. 3(c) (setting forth the required contents of a notice of appeal); *see also Rinaldo v. Corbett*, 256 F.3d 1276, 1279-80 (11th Cir. 2001) *and Harris v. Ballard*, 158 F.3d 1164, 1166 (11th Cir. 1998) (a motion for extension of time to appeal generally cannot be construed as a notice of appeal).

[2] The plaintiff appears to believe he has 60 days to file a notice of appeal. He is mistaken. Only when a party is the United States or its officer or agency is the appeal period expanded to 60 days. *Id*. Rule 4(a)(1)(B). The plaintiff sued only Alabama Power, Craig Field Industrial Authority, and South Dallas Water Department, and therefore the 60-day period does not apply.

1993).[3] The thirtieth day after March 31 was April 30, a Friday and a business day. As noted above, however, the plaintiff's document was not received until May 3, and it was therefore filed too late.[4]

Because both the appeal period and the time for seeking an extension of the appeal period expired before the plaintiff filed his document, his only other possibility of relief is a reopening of the time to file an appeal. *Gupta v. Walt Disney World Co.*, 283 Fed. Appx. 682, 683 (11th Cir. 2008). This can occur "only if ... the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A). As noted, the instant document asserts the plaintiff received the order and judgment dismissing his case on or about April 18, 2010, which is more than 21 days after their March 1 entry. Assuming for the moment that the plaintiff did not receive the order and judgment until April 18, the question becomes whether he nevertheless received *notice* of the order and judgment, as provided in Rule 77(d), by March 22.

Rule 77(d) provides that "the clerk must serve notice of the entry [of an order or judgment], as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d)(1). Rule 5(b) provides that "[a] paper is served under this rule by ... mailing it to the person's last known address — in which event service is complete upon mailing." *Id*. Rule 5(b)(2)(C).

The file reflects that the Clerk mailed the order and judgment to Hunter L. Todd, 2420 Highway 41, Selma AL 36701. The file further reflects that the order and judgment were so mailed on March 1, 2010 and that the mail was not returned as undelivered. The

---

[3]*Accord Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("[P]ro se litigants are required to move timely for [an] extension of time in order to file a late notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).").

[4]"A paper is filed by delivering it ... to the clerk." Fed. R. Civ. P. 5(d)(2)(A). While the plaintiff may have mailed the document on or before April 30, it was not delivered to the Clerk until May 3 and is therefore untimely as a motion to extend.

file further reflects that 2420 Highway 41 in Selma is the plaintiff's last known address — indeed, the only address he provided the Court. (Doc. 1 at 4; Doc. 8 at 1; Doc. 14 at 1).

In an April submission to the Eleventh Circuit, the plaintiff explained that he had been busy placing his brother in a Veterans Administration hospital and in traveling to Detroit for a new leg and hip brace, with such travel keeping him in Detroit for over 30 days. (Doc. 20 at 1-2). This may explain why the plaintiff did not personally receive the order and judgment until April, but it is legally irrelevant to whether the appeal period can be reopened. Because the order and judgment were mailed to the plaintiff's last known address in early March, as a matter of law he received notice of them within 21 days after entry. Accordingly, the appeal period cannot be reopened.

For the reasons set forth above, the document, construed as a motion to extend the time for filing a notice of appeal or as a motion to reopen the time to appeal, is **denied**.

DONE and ORDERED this 10th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE